BAILEY *v.* ACKERMAN & A.

Section 8 of chapter 53 of the General Statutes requiring a list of all taxes by them assessed, to be made by the selectmen under their hands, with a warrant under their hands and seal, does not require two instruments. A list, incorporated in a warrant, or, by annexation and reference, made a part of it, and duly authenticated by the signatures of the selectmen on the warrant, is under their hands: and a warrant may be a warrant and a list within the meaning of the statute.

TRESPASS, by Eben T. Bailey against Shem G. Ackerman, Harvey Locke, and Horace Sanders, for taking and converting to their own use four of the plaintiff's oxen. It is agreed that the defendants were selectmen of Alexandria in 1870 ; that the plaintiff was a resident of that town, and was assessed in the taxes of that year ; that one Walter F. Simons was collector of taxes in the town for that year, and that Simons, as collector, seized and sold four of the plaintiff's oxen in satisfaction of his tax. The tax list committed to Simons by the defendants is contained in a small book, which is made a part of this case

for the purpose of reference. The warrant, which is in the usual form, is contained in the first part of said book, and is properly signed and sealed. On the next page after the warrant is the following: "The selectmen of the town of Alexandria give notice that they have delivered to Walter F. Simons, collector of taxes, a correct list of the taxes, together with a warrant in due form of law for collecting the same ; and that by a vote of said town, to all persons who shall voluntarily pay the collector, a discount will be made on their taxes, as follows:

"To such as pay on or before the —— day —— per cent.," &c.

|  | |  |
|---|---|---|
| SHEM G. ACKERMAN, | ⎱ | *Selectmen* |
| HARVEY LOCKE, | ⎰ | *of* |
| HORACE SANDERS, | | *Alexandria.* |

May 1, 1870."

After three blank pages, the names on the list commence as follows: "District No. 1, John C. Morrill, 21.45," and extends over some thirty pages.

The list is not signed at the end thereof by the defendants, nor do their signatures appear in said book elsewhere than as before stated.

The question of the sufficiency of the list was reserved.

*Pike & Blodgett*, for the plaintiff.

The purported tax list is insufficient, invalid, and void, both upon general principles and under express decisions. Blackwell on Tax Titles (3d ed.), 34, 60–63, and cases cited; *Chase* v. *Sparhawk*, 22 N. H. 134; *Gordon* v. *Rundlett*, 28 N. H. 435 ; *Cass* v. *Bellows*, Coös Co., Dec. term, 1856; *Copp* v. *Whipple*, 41 N. H. 273 ; *Colby* v. *Russell*, 3 Greenl. 227 ; *Foxcroft* v. *Nevens*, 4 Greenl. 72 ; *Kellar* v. *Savage*, 20 Me. 199; *Sibley* v. *Smith*, 2 Mich. (Gibbs) 498. The decision contra in *Thompson* v. *Currier*, 24 N. H. 237, is not supported by reason or by precedent. It will be noticed, moreover, that the opinion in that case makes no reference to the case of *Chase* v. *Sparhawk*, which had not then been reported; and it may therefore well be urged, if not conclusively presumed, that Judge BELL was not aware of that case, or that it escaped his attention when he delivered the opinion in *Thompson* v. *Currier*, which even he overruled a few years later in *Gordon* v. *Randlett*.

*Fling*, for the defendants.

DOE, J. "A list of all taxes by them assessed shall be made by the selectmen under their hands, with a warrant under their hands and seal, directed to the collector of such town, requiring him to collect the same." Gen. Stats., ch. 53, sec. 8. In *Chase* v. *Sparhawk*, 22 N. H. 134, the warrant and a list were in a book. The warrant, duly signed and sealed, commanded the collector to collect the taxes "in the list herewith committed." For aught that appeared in the lan-

guage of the warrant, the list might have been in another book, or on a separate paper, committed to the collector with the warrant. The list was not a part of the warrant unless it was made so by being written in the same book, and by being referred to as "the list herewith committed." It might be doubtful whether "herewith committed" was equivalent to "hereto annexed," or "on the following pages;" whether the signatures of the selectmen purported to be on anything annexed to the list, or on anything to which the list was annexed, or on anything of which the list was a part; whether the list was identified, attested, and authenticated by their signatures in such a manner that it could be considered a list under their hands. It is not necessary, in this case, to affirm, question, or overrule the decision in *Chase* v. *Sparhawk;* but in the reasons of that decision we cannot concur.

"Two distinct instruments are to be made out and delivered to the collector. The one is denominated a list of taxes, and is to be under the hands of the selectmen; the other a warrant under the hands and seals of the selectmen, directed to the collector, and directing him to collect the sums specified in the list accompanying it. The list of taxes, then, is to be under the hands of the selectmen, and the warrant is to be under the hands and seals of the same officers. The instruments contemplated are therefore plainly to be complete, each in itself, independently of the other; each is to bear upon its face the official sanction of those town officers, and each in the particular form and manner of the authentication prescribed, differing from the other. The list of taxes is to be under the hands of the selectmen in their official capacity, while the warrant is to be under their hands in their official character, and is to bear the sanction of their seals also. The mere official signatures and seals affixed to the warrant were not, in our opinion, a signing of the list of taxes referred to in the same; they did not afford the sanction which the statute prescribes. They did not purport to be anything but the signing and sealing of the warrant alone. The list was not then under the hands of the selectmen as the statute requires. The statute clearly contemplates a succession of acts to be done by the selectmen. The taxes are first to be assessed, and a record thereof is to be made in a book of records of their doings, and such, assessment, or a copy of it, is to be recorded by the town-clerk, &c. The making of the list of the taxes assessed succeeds the assessment itself, and necessarily precedes in the order of duty the making and delivery of the warrant, with the accompanying list of taxes. The list, then, intended by the statute, we think, is to be a perfect list of the taxes assessed, bearing the evidence of the sanction of the selectmen, by being under their hands, and in no manner dependent upon or requiring any aid from the warrant to be subsequently made, in order to its sufficiency and perfection as a list. * * We think the list should contain a certificate that the list committed to the collector is a list of the taxes assessed by the selectmen, and should be a distinct instrument, under their hands, and that the same is not to be regarded as being under their hands when not signed by them, but only referred

to in the direction in the warrant to collect the list. * * The warrant refers to the list as being a list of itself already made, but it does not make it a list. It does not purport nor is it intended to have any such operation upon it. Whether the list accompanying a warrant committed to a collector is a sufficient list of assessments or not is a matter to be determined, not by a reference to it as such in the warrant, which is an independent instrument, made for a specific and distinct purpose. Such mere reference can in no manner affect the character of the list. The statute provides, as we have seen, for a list of assessments under the hands, and a warrant under the hands and seals, of the selectmen; and we are clearly of the opinion that the list in the present case is not a list under the hands of the selectmen, within the meaning of the statute,—the same in no manner bearing the sanction of their certificate or signatures upon it, showing it to be a list. We do not decide that, in order to make a sufficient list, it is necessary that the same should be *subscribed* by the selectmen. It may, perhaps, be sufficient if their signatures are in some way prefixed to the list. It was decided in Massachusetts, where the statute authorizing submissions before justices of the peace requires that the demands claimed should be ' under the hands ' of the party making the claim, that when the signature of the party was prefixed to the demand in the following form, namely, 'A B demands,' &c., it was a demand under his hand within the meaning of the statute, the name being in the handwriting of the party. *Humphry* v. *Strong*, 14 Mass. Rep. 262."

Such is the ground of the decision in *Chase* v. *Sparhawk*. It was not held that the signatures of the selectmen must be the last words of the list, nor that they must occupy any particular place in it. A B writes a note, " I, A B, promise to pay C D," &c., and does not repeat his name at the end : it is a note under his hand nevertheless,—more strictly and literally under his hand than it would be if it were written by another person, and his signature were under it. That an instrument may be under the hand of one whose name is not at the end of it is a point well settled and not open to any doubt. Neither was it held that a list under the hands and seal of the selectmen is not a list under their hands. The fact that the statute required the list to be under their hands, and the warrant to be under their hands and seals, was relied upon as evidence tending to show that the statute required two instruments, and not as tending to show that a list would be rendered invalid by the seals of the selectmen. If a list were under their hands and seal, acknowledged before a magistrate, sworn to, approved by the judge of probate, recorded in the registry of deeds, and enveloped in any amount of irrelevant and unnecessary forms and solemnities, it would legally be none the worse for all that.

The opinion in *Chase* v. *Sparhawk* is based on the sole ground that the list and the warrant must be two instruments, each complete in itself. The statute is, " a list of all taxes by them assessed shall be made by the selectmen under their hands, with a warrant under their hands and seal." This authorizes, but in our opinion does

not require them to make two instruments. Their subscription of the list being unnecessary, and a list under their hands and seal being a list under their hands, a list in a warrant, or, by annexation and reference, made part of it, seems to be a list with a warrant, within the letter and the meaning of the statute. Take the case supposed by Judge BELL (in *Thompson* v. *Currier*, 24 N. H. 237, 240),—a warrant requiring the collector to collect taxes of A B $1.00, of C D $2.00, and so on through the list. Such an instrument would be a warrant and a list. *Homer* v. *Cilley*, 14 N. H. 85, 100 ; *Wells* v. *Burbank*, 17 N. H. 393, 407, 408 ; *Wells* v. *Co.*, 47 N. H. 235, 256 ; *Cahoon* v. *Coe*, 52 N. H. 518, 527. And (without carrying the doctrine of reference so far as it was carried in *Tonnele* v. *Hall*, 4 Comst. 140) we see no reason for making a distinction between a list incorporated in a warrant in that manner, and a list made a part of a warrant by annexation and reference. Such a distinction would be novel, and contrary to the rule that prevails in analogous cases.

The object of requiring the list to be under the hands of the selectmen is the authentication of the list. " We think the list should contain a certificate that the list committed to the collector is a list of the taxes assessed by the selectmen." *Chase* v. *Sparhawk*, p. 139. This means, not that the statute requires anything in the form of a certificate, but that the list should appear to be what it is, a list of taxes under their hands. All this is included in the idea of a duly authenticated list.

The tax-collector's book, used in the present case, was made for this business. It contains two printed chapters of statutes, decisions, and forms, for the instruction of the collector ; a printed interest table, to assist him in calculating interest on taxes overdue ; and a printed form of an instrument, filled out, signed, and sealed by the selectmen. This instrument is directed to the collector : requires him to " collect of the several persons named in the list, herewith committed to you, the taxes in said list set against their names, respectively, the whole amounting to the sum of $6,880.19 ; " directs him to whom to pay the money when collected, and contains this certificate : " The list on the following pages is a correct list of the assessment of the state, county, town, and school and school-house taxes, for the year 1870, upon the ratable polls and inhabitants of said Alexandria, made by us the selectmen of said Alexandria." This is such a certificate as the court in *Chase* v. *Sparhawk* say the list ought to contain, and such as does not appear in that case. After the signatures of the selectmen is the notice, of which a copy is given in the reserved case. After the notice and three blank pages are names of persons, including the plaintiff, with sums set against their names.

If two such books, duplicates, had been delivered to the collec^ there could have been no difficulty in regarding one of them ?^ list and the other as a good warrant, if two instruments were necessary. It is not denied that this book is a good warrant,—and nothing is wanting to make it a good list, according to the rule laid down in

*Chase* v. *Sparhawk.* The only objection is, that if it is a warrant it is not a list, and if it is a list it is not a warrant; that it cannot be both. The warrant and list are bound together; their union is perfect; the reference is unmistakable; the authentication is complete. No authorities, to which our attention has been called, give any reasons that seem to us sufficient for construing the statute to require two instruments. We think this book is a good warrant under the hands and seals of the selectmen, and a good list under their hands.

If there is no other question in the case, the defendants are entitled

*To judgment.*